IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA BUTTERFIELD,** | CV 05-639-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **RAFIQ R.A. ABOU-SHAABAN,** **SAMAR ABOU-SHAABAN,** and **JOHN** **and JANE DOES I-XX,** | |
| Defendants. | |

**CRAIG EDWARD KENNEDY**
Law Office of Craig Edward Kennedy
14300 N.E. 20th Avenue
Suite D201321
Vancouver, WA  98686
(360) 600-8974

**JEFFREY M. KILMER**
Kilmer, Voorhees & Laurick, P.C.
732 N.W. 19th Avenue
Portland, OR  97209
(503) 222-5290

    Attorneys for Plaintiff

1 - OPINION AND ORDER

**LAWRENCE B. HUNT**
Hunt & Associates
101 S.W. Main Street
Suite 805
Portland, OR  97204
(503) 226-1162

       Attorneys for Defendant Rafiq R.A. Abou-Shaaban

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion for Alternative Service Upon Defendant Samar Abou-Shaaban (#37).  For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

### FACTUAL BACKGROUND[1]

Plaintiff married Defendant Rafiq Abou-Shaaban, and they had two children.  The Plaintiff and Rafiq Abou-Shaaban separated in 1980.  Plaintiff took the children to Kansas, and Rafiq Abou-Shaaban remained in Chicago.  In January 1981, Rafiq Abou-Shaaban appeared at Plaintiff's residence in Kansas and attempted to abduct the children.

In April 1981, Plaintiff moved to Portland, Oregon, with the children.  Rafiq Abou-Shaaban filed for divorce.  Plaintiff was awarded full custody of the children in November 1981.  At that time, Rafiq Abou-Shaaban again attempted to abduct the children and allegedly was assisted by Rafiq Abou-Shaaban's counsel, Lawrence Hunt.

---

[1]  These facts are taken from the Amended Complaint.

On December 31, 1981, Rafiq Abou-Shaaban kidnapped the children and transported them to the Middle East. State and federal criminal indictments were filed against Rafiq Abou-Shaaban.

Between 1981 and 1988 Plaintiff spent "thousands" of hours trying to locate her children. In April 1982, Plaintiff began receiving telephone calls from Rafiq Abou-Shaaban in which he insisted Plaintiff drop the charges against him if she wanted to see her children again.

In 1989 Plaintiff flew to Saudi Arabia, and Rafiq Abou-Shaaban allowed her to visit the children. While Plaintiff was in Saudi Arabia, Rafiq Abou-Shaaban continued to insist the Plaintiff drop the charges against him. In 1989 Rafiq Abou-Shaaban, with the assistance of Hunt, began a series of "bad faith negotiations" for the release of the children. At the same time, Rafiq Abou-Shaaban continued to call Plaintiff weekly and insist she drop the charges. After 17 years, in an effort to see her children again, Plaintiff dropped the charges against Rafiq Abou-Shaaban.

## **PROCEDURAL BACKGROUND**

On October 18, 2004, Plaintiff filed a complaint against Defendant Rafiq Abou-Shaaban; his wife, Samar Abou-Shaaban; and "John and Jane Does 1-XX" in the United States District Court for

the Western District of Washington alleging numerous torts including intentional infliction of emotional distress, gross negligent infliction of emotional distress, and custodial interference. Rafiq Abou-Shaaban filed a motion to dismiss for lack of personal jurisdiction. Although the complaint was unclear, the court denied the motion for the reason that Plaintiff's affidavit established she and her children lived in Washington at the time of the alleged tortious acts by Defendants.

On February 17, 2005, Rafiq Abou-Shaaban filed a second motion to dismiss alleging Plaintiff's complaint failed to state a claim and, in any event, the statute of limitations had run. In the alternative, Rafiq Abou-Shaaban moved to make the complaint more definite and certain. Plaintiff filed a response to Rafiq Abou-Shaaban's Motion and an amended complaint on March 7, 2005. On March 10, 2005, Rafiq Abou-Shaaban filed a reply in which he (1) made a new argument regarding lack of personal jurisdiction based on the amended complaint, (2) continued to contend Washington law applied, and (3) reiterated his statute-of-limitations defense.

On April 19, 2005, the Washington court issued an opinion and order in which the court held it lacked personal jurisdiction because Plaintiff's amended complaint alleged Plaintiff and her children resided in Oregon at the time of the tortious actions.

Accordingly, the Washington court transferred the matter to this Court.

On August 31, 2005, Plaintiff filed a Motion for Alternative Service in which she seeks to serve Samar Abou-Shaaban, a resident of the United Arab Emirates (UAE), by mail at Rafiq Abou-Shaaban's business address in the UAE.

## DISCUSSION

Plaintiff alleges she has attempted to serve Samar Abou-Shaaban personally, but she has not been able to identify either Samar Abou-Shaaban's residence or work location because such information is "undiscoverable" due to the "culture and customs" of the UAE. Plaintiff, therefore, requests permission to serve Samar Abou-Shaaban by mail at Rafiq Abou-Shaaban's business address.

I.  **International Service Generally**

Fed. R. Civ. P. 4(f) provides:

> Unless otherwise provided by federal law, service upon an individual . . . may be effected in a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
>
> (2) if there is no internationally agreed means of service . . ., provided that service is reasonably calculated to give notice:

>    (A) in the manner prescribed by the law of the
>    foreign country for service in that country in an
>    action in any of its courts of general
>    jurisdiction; or
>
>    (B) as directed by the foreign authority in
>    response to a letter rogatory or letter of
>    request; or
>
>    (C) unless prohibited by the law of the foreign
>    country, by
>
>    (i) delivery to the individual personally of a
>    copy of the summons and the complaint; or
>
>    (ii) any form of mail requiring a signed receipt,
>    to be addressed and dispatched by the clerk of the
>    court to the party to be served; or
>
>    (iii) by other means not prohibited by
>    international agreement as may be directed by the
>    court.

## II. Plaintiff's Application for Alternative Service

Plaintiff did not provide the Court with information on any internationally agreed upon means of service that might apply to service on residents of the UAE. The Court notes the UAE is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, and, therefore, the Hague Convention does not provide an internationally agreed upon means of service in this matter. *See* 28 U.S.C.A. § 1696. *See also* Fed. R. Civ. P. 4, Notes on Treaties and Conventions.

In addition, Plaintiff did not provide the Court with any information regarding (1) the manner of service prescribed by the laws of the UAE, (2) direction by the UAE in response to a letter rogatory or letter of request as to how to serve its residents,

6 - OPINION AND ORDER

and (3) whether the manner of proposed service is prohibited by the law of the UAE.

Accordingly, the Court finds Plaintiff has not provided sufficient information for the Court to determine whether Plaintiff's proposed alternative method of service meets the requirements of Fed. R. Civ. P. 4 for service on individuals in a foreign country. The Court, therefore, denies Plaintiff's Motion for Alternative Service and grants Plaintiff leave to refile her motion to cure its deficiencies in accordance with this Opinion and Order.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion for Alternative Service (#37). The Court also grants Plaintiff leave to refile, if she chooses, a motion for alternative service by September 22, 2005.

IT IS SO ORDERED.

DATED this 8th day of September, 2005.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

Butterfield CV 05-639 O&O.wpd

7 - OPINION AND ORDER