IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURA BUTTERFIELD,                          05-CV-639-BR

        Plaintiff,                      OPINION AND ORDER

v.

RAFIQ R. ABOU-SHAABAN, SAMAR
R.A. ABOU-SHAABAN, and JOHN &
JANE DOES NOS. I-XX,

        Defendants.


CRAIG EDWARD KENNEDY
14300 N.E. 20th Avenue
Suite D201321
Salmon Creek, WA  98686
(360) 600-8974

JEFFREY M. KILMER
732 N.W. 19th Avenue
Portland, OR  97209
(503) 224-0055

        Attorneys for Plaintiff


1 - OPINION AND ORDER

LAWRENCE B. HUNT
BRAD A. MACOMBER
Hunt & Associates, P.C.
101 S.W. Main Street, Suite 805
Portland, OR  97204
(503) 226-1162

          Attorneys for Defendant Rafiq R.A. Abou-Shaaban


BROWN, Judge.

     This matter comes before the Court on Defendant's Motion for

Summary Judgment (#63) and Plaintiff's Cross-Motion for Summary

Judgment (#66).  For the reasons that follow, the Court **DENIES**

both Motions.


<u>**FACTUAL BACKGROUND**</u>

     The following facts are undisputed unless otherwise noted

and, if disputed, are stated in the light most favorable to

Plaintiff.

     Plaintiff and her husband, Defendant Rafiq Abou-Shaaban, had

two children and resided in Illinois.  The parties separated in

1980, and Plaintiff and the children moved to Kansas.  Defendant

remained in Illinois.

     In April 1981, Plaintiff and the children moved to Portland,

Oregon.  Plaintiff and Rafiq Abou-Shaaban divorced, and Plaintiff

was awarded full custody of the children in November 1981.

     On December 31, 1981, Rafiq Abou-Shaaban failed to return

the children to Plaintiff after an unsupervised visit.  Instead

2 - OPINION AND ORDER

Rafiq Abou-Shaaban took the children to the Middle East and eventually settled in Saudi Arabia.

According to the parties, state and federal criminal indictments were filed against "Defendants," but the parties do not provide any specific information describing the charges. Thereafter, Plaintiff flew to Saudi Arabia and was allowed one visit with her children.  Plaintiff alleges Rafiq Abou-Shaaban, with the assistance of counsel, began a series of bad faith negotiations in 1989 for the return of the children.  According to Plaintiff, Rafiq Abou-Shaaban continued to call her weekly and to insist that she drop the charges which she did after 17 years. The record does not reflect whether prosecutors formally dismissed the criminal charges.

Defendants and the children still reside in the Middle East.

**PROCEDURAL BACKGROUND**

On October 18, 2004, Plaintiff filed a complaint against Rafiq Abou-Shaaban; Samar Abou-Shaaban, Rafiq Abou-Shaaban's wife; and "John and Jane Does 1-XX" in the United States District Court for the Western District of Washington alleging numerous torts, including Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Custodial Interference.  Defendants filed a motion to dismiss for lack of personal jurisdiction.  The Washington court denied the motion.

3 - OPINION AND ORDER

The court noted even though the complaint was unclear, Plaintiff's affidavit established she and her children lived in Washington at the time of the alleged tortious acts by Defendants.

On February 17, 2005, Defendants filed a second motion to dismiss in the Western District of Washington case alleging Plaintiff failed to state a claim in the complaint and the statute of limitations had run.  In the alternative, Defendants moved to make the complaint more definite and certain.  On March 7, 2005, Plaintiff filed a response to Defendants' motion and an amended complaint.

On April 19, 2005, the Washington court issued an opinion and order in which it concluded it lacked personal jurisdiction because Plaintiff alleged in the amended complaint that at the time the tortious action (*i.e.*, the abduction), she and her children resided in Oregon rather than Washington.  The Washington court then transferred the matter to this Court.

On August 31, 2005, Defendants filed a Motion to Dismiss on the grounds that the statute of limitations had run and that Plaintiff had failed to state a claim.  Alternatively, Defendants moved to strike portions of the Amended Complaint. On November 14, 2005, the Court held a hearing on Defendants' Motion to Dismiss at which time the Court denied Defendants' Motion and ordered discovery on the limited jurisdictional issue

of Rafiq Abou-Shaaban's residency at the time of the abduction.

On December 12, 2005, Plaintiff filed a Second Amended Complaint alleging claims for Custodial Interference, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Fraud, and Bad Faith against Rafiq Abou-Shaaban, Samar Abou-Shaaban, and John & Jane Does I-XX.

On June 8, 2006, Defendant Rafiq Abou-Shaaban filed a Motion for Summary Judgment.  On June 22, 2006, Plaintiff filed a Cross-Motion for Summary Judgment.


## STANDARDS

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  The moving party must show the absence of an issue of material fact.  *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial.  *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in

5 - OPINION AND ORDER

favor of the nonmoving party. *Id.* "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Easter v. Am. W. Fin.* 381 F.3d 948 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No.1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).


## DISCUSSION

Rafiq Abou-Shaaban contends the Court must dismiss Plaintiff's Second Amended Complaint because the statute of limitations bars Plaintiff's claims. To support his contention,

Rafiq Abou-Shaaban relies on Oregon Revised Statute § 12.110, which provides a two-year statute of limitations for "any injury to the person or rights of another, not arising on contract." Plaintiff alleges Rafiq Abou-Shaaban abducted the children on December 31, 1981.  He contends, therefore, Plaintiff was required to commence litigation on or before December 31, 1983.

Plaintiff, however, contends Oregon Revised Statute § 12.150 tolls the statute of limitations on her claims because Rafiq Abou-Shaaban has been out of Oregon since December 31, 1981.

**I.    Oregon Revised Statute § 12.150 Only Applies to Oregon Residents.**

Oregon Revised Statute § 12.150 provides:

> If, when a cause of action accrues against any person, the person is out of the state and service cannot be made within the state or the person is concealed therein, such action may be commenced within the applicable period of limitation in this chapter after the return of the person into the state, or after the termination of the concealment of the person; and if, after a cause of action has accrued against a person, the person shall depart from and reside out of this state, or if the person is concealed therein, the time of the absence or concealment of the person shall not be deemed or taken as any part of the time limited for the commencement of such action.

Oregon courts have held Oregon Revised Statute § 12.150 tolls the statute of limitations during the time a defendant is out of the state of Oregon after a cause of action accrues. *Herzberg v. Moseley Aviation, Inc.*, 156 Or. App. 1 (1998).  *See also Gary M. Buford and Assoc., Inc. v. Guillory*, 98 Or. App. 691

7 - OPINION AND ORDER

(1989). Rafiq Abou-Shaaban contends, however, Oregon Revised Statute § 12.150 tolls only actions against residents who are absent from the state. According to Rafiq Abou-Shaaban, he was never an Oregon resident, and, therefore, Oregon Revised Statute § 12.150 did not toll the statute of limitations as to Plaintiff's claims against him.

Oregon Revised Statute § 12.150 does not contain any reference to Oregon residency. On its face, § 12.150 applies to "any person." In *Fargo v. Dickover,* however, the Oregon Supreme Court analyzed § 16 of L.O.L., codified as Oregon Revised Statute § 12.150, and noted "[i]t has been held three times that this . . . statute is inapplicable to nonresidents." 87 Or. 215, 217 (1918)(citations omitted). *Fargo* has not been overruled, and the parties did not identify nor could this Court find a case in which the Oregon Supreme Court has addressed the issue of residency under § 12.150 since *Fargo*.

According to Plaintiff, more modern cases have interpreted Oregon Revised Statute § 12.150 to toll the limitations period for non-resident defendants. To support her argument, Plaintiff cites *Bancorp Leasing & Financial v. Augusta Aviation*, 813 F.2d 272, 275 (9th Cir. 1987). The court in *Bancorp* held Oregon Revised Statute § 12.150 did not apply to toll the statute of limitations in that case because the defendant corporation was subject to service under Oregon's long-arm statute. *Id.* The

court, however, did not conclude Oregon Revised Statute § 12.150 tolled the limitations period for nonresidents generally.

Plaintiff also cites *Santos v. The Flexible Company*, 41 Or. App. 89 (1979).  In *Santos*, the Oregon Court of Appeals determined Oregon Revised Statute § 12.150 did not toll the statute of limitations because the defendant was an out-of-state corporation doing business in Oregon, and, therefore, the plaintiff could have served the defendant through the Corporation Commissioner pursuant to Oregon Revised Statute § 57.700(2)(b). *Id*. at 92-93.  The *Santos* court did not conclude § 12.150 tolled the limitations period for nonresidents.

In summary, *Bancorp* and *Santos* do not compel the conclusion that § 12.150 tolls the statute of limitations for nonresidents of Oregon contrary to *Fargo*.  In any event, this Court is bound by Oregon Supreme Court cases as to this question of state law.

Accordingly, the Court concludes, pursuant to *Fargo*, the tolling provision of Oregon Revised Statute § 12.150 only applies to Oregon residents.

## II. Material Issues of Fact Exist as to Whether Rafiq Abou-Shaaban Was an Oregon Resident at the Time of the Abduction.

To support her contention that Rafiq Abou-Shaaban was a resident of Oregon at the time he abducted the children, Plaintiff relies, among other things, on her Affidavit and the Affidavits of several other individuals in which they testify Rafiq Abou-Shaaban was living in a house in Portland, had rented

9 - OPINION AND ORDER

his house in Illinois, and was attempting to find employment in Oregon.

To support his contrary contention that he was not a resident of Oregon when he took the children, Rafiq Abou-Shaaban relies on, among other things, his Affidavit in which he testifies he did not move to Oregon, rent property in Oregon, seek employment in Oregon, or establish residency in Oregon. Rafiq Abou-Shaaban also relies on records from his employer that he did not resign his position until January 1982, and a deed for his property in Illinois shows the property was sold at a sheriff's auction in 1984.

After a thorough review of the record, the Court concludes genuine issues of material fact exist that preclude summary judgment for either party on the issue of Rafiq Abou-Shaaban's residency at the time of the abduction.

The parties dispute the definition of "resident" for purposes of applying Oregon Revised Statute § 12.150. Because the Court concludes issues of material fact exist as to Rafiq Abou-Shaaban's residence regardless of the proper definition of "resident," the Court declines to decide the issue at this time.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion for Summary Judgment (#63) and Plaintiff's Cross-Motion for Summary

10 - OPINION AND ORDER

Judgment (#66).

IT IS SO ORDERED.

DATED this 16th day of October, 2006.


/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge